UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JUAN MORA,<br><br>     Plaintiff,<br><br>v.<br><br>WHITE ALUMINUM FABRICATION, INC.,<br><br>     Defendant. | CIVIL ACTION NO.<br>1:20-cv-00880-JPB |

## **ORDER**

Before the Court is Plaintiff Juan Mora's ("Mora") Motion for Remand ("Motion") (ECF No. 4). Having reviewed and fully considered the papers filed therewith, the Court finds as follows:

Mora filed a complaint against Defendant White Aluminum Fabrication, Inc. ("White") in Georgia state court alleging several state law claims arising out of a construction site accident.

On February 26, 2020, White removed the matter to this Court on the basis of diversity jurisdiction. Mora thereafter moved to remand the case "on the grounds that the State Court of Fulton County has personal jurisdiction over [White]." He does not dispute that the parties are diverse or that White has shown that this case meets the amount in controversy threshold.

In response, White shows that diversity jurisdiction is appropriate in this Court because Plaintiff is a citizen of Georgia whereas White is a citizen of Florida, and Mora's Complaint alleges that he seeks $165,000 in damages exclusive of interests and costs. White also argues, among other things, that removal was appropriate regardless of concurrent state court jurisdiction.

Federal courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states." 28 U.S.C. § 1332(a). Because it is undisputed that the parties are citizens of different states and that the matter in controversy exceeds $75,000, this Court has original jurisdiction over the suit.

Under 28 U.S.C. § 1441, "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." Thus, there is no question that removal was proper here.[1]

Mora's argument that this matter should be remanded because the state court has concurrent jurisdiction lacks merit. Contrary to Mora's position, there is no provision in the removal statute for remand on the basis of concurrent state

---

[1] Mora does not dispute that this is the proper district and division for the suit.

jurisdiction, and the Supreme Court in *Thermtron Products, Inc. v. Hermansdorfer* underscored that "district courts [may not] revise the federal statutes governing removal by remanding cases on grounds that seem justifiable to them but which are not recognized by the controlling statute." 423 U.S. 336, 351 (1976), *abrogated on other grounds by Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996).  Indeed, reading a concurrent jurisdiction basis for remand into the statute would run counter to the very purpose of the removal statute, which is to allow defendants access to a federal forum (under certain conditions), even if a matter is properly brought in a state court.  *See* 28 U.S.C. § 1441.

Notably, Mora has cited no authority for his argument, and the Court has found none.  That is because it is axiomatic that "[a]s long as [a] federal court itself possesses jurisdiction over [the] [p]laintiff's suit, the fact that [a] state court shares concurrent jurisdiction over the action provides no support for . . . [r]emand." *Hooper v. Albany Int'l Corp.*, 149 F. Supp. 2d 1315, 1324 (M.D. Ala. 2001).  *See also Days v. Stonebridge Life Ins. Co.*, No. CV414-214, 2015 WL 5334421, at *2 (S.D. Ga. Sept. 14, 2015) (finding the plaintiff's argument for remand on the basis of concurrent jurisdiction "wholly without merit"); *Doe v. Consol. City of Jacksonville*, No. 3:09-CV-565-J-34JRK, 2009 WL 10705903, at *4 (M.D. Fla.

Dec. 2, 2009) (stating that a court "'must retain jurisdiction over [a] properly removed federal claim'").

For the foregoing reasons, Mora's Motion for Remand (ECF No. 4) is **DENIED**.

**SO ORDERED** this 11th day of January, 2021.

J. P. BOULEE
United States District Judge