UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JUAN MORA,<br><br>      Plaintiff,<br><br>v.<br><br>WHITE ALUMINUM FABRICATION, INC.,<br><br>      Defendant. | CIVIL ACTION NO.<br>1:20-cv-00880-JPB |

## ORDER

Before the Court is Defendant White Aluminum Fabrication, Inc.'s ("White") Motion for Summary Judgment. ECF No. 41. Having reviewed and fully considered the papers filed therewith, the Court finds as follows:

### I.     BACKGROUND

Plaintiff Juan Mora ("Mora") filed a complaint against White alleging negligence arising out of an accident at a construction site.

The undisputed facts[1] show that at the time of the incident, Mora was performing concrete work on the terrace of a building as an employee of Gibson

---

[1] Mora did not respond to White's statement of undisputed facts and therefore has admitted the facts set forth therein. *See* N.D. Ga. Civ. R. 56.1(B)(2)(a)(2) (stating that the court will deem each of the movant's facts as admitted, unless the respondent refutes them with specific citations to the record, states a valid objection as to the admissibility of the facts or points out that the citations do not

Landscaping ("Gibson"). Gibson was a subcontractor at the site, which was controlled by Brasfield & Gorrie. While Mora crouched face down, an aluminum pole (eight to ten feet tall and weighing forty pounds) lifted in the wind and struck him in the back and shoulder. White employees were working nearby installing aluminum railings.[2]

One of Mora's co-workers stated that the pole was leaned against a wheelbarrow prior to the accident and that it was too big to be left unsecured.[3]

---

support the facts). Mora also simply included additional facts in his response brief instead of filing a statement of additional facts as required by Local Rule 56.1(B)(2)(b). In this circumstance, the "proper course in applying Local Rule 56.1 . . . is for a district court to disregard or ignore evidence relied on by the respondent—but not cited in its response to the movant's statement of undisputed facts—that yields facts contrary to those listed in the movant's statement." *Reese v. Herbert*, 527 F.3d 1253, 1268 (11th Cir. 2008); *see generally Thornton v. Jackson*, 998 F. Supp. 2d 1365, 1369 (N.D. Ga. 2014) (stating that notwithstanding the plaintiff's procedural error of failing to comply with Local Rule 56.1, the defendant must still show that there is no genuine issue of material fact and that summary judgment is proper); *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave.*, 363 F.3d 1099, 1102 (11th Cir. 2004) (stating that "local rules cannot provide that summary judgment by default is appropriate"). The Court will therefore consider the additional facts included in Mora's response brief to the extent that they are not contradicted by the facts he has admitted.

[2] Although White does not explicitly admit that the subject aluminum pole was in the custody of its employees, it does not dispute that its employees placed the pole at the site.

[3] White asks the Court to disregard this testimony, which was presented in affidavits attached to Mora's response brief, because neither the affiants nor the notary dated the affidavits. White also contends that the affidavits are not based on personal knowledge because the affiants used the phrase "to the best of my knowledge." The Court, however, notes that the affiants also stated that they

White seeks summary judgment on Mora's claims because it argues that the duties Mora asserts are applicable here belong to the landowner and cannot be imposed on White's employees.

Further, White contends that even if its employees owed Mora a duty, they did not breach such duty because they did not act willfully, and the accident was not foreseeable. White disputes that its employees could have predicted that "the wind would suddenly blow with such force as to pick up an 8-10 foot-long piece of aluminum pole weighing forty pounds and blow it into [Mora] with sufficient force to cause injury." ECF No. 41-1 at 10.

Finally, White argues that because the type and nature of medical damages at issue in this case require the testimony of a medical expert, and Mora failed to designate such a witness, he is foreclosed from seeking medical damages.

Mora responds that "[q]uestions of negligence, contributory negligence, cause and proximate cause are jury issues" and that a factfinder must "determine the genuine facts." ECF No. 43 at 9. Mora also argues that there is a genuine issue as to the duty of White's employees and breach thereof because the record shows that the pole was too large to be left unsecured.

---

"saw" the events regarding which they testified, and White does not dispute the contents of the affidavits. Therefore, the Court will overlook the affidavits' clerical errors or procedural deficiencies and consider the facts that they provide.

3

Additionally, Mora contends that he is exempt from expert disclosure requirements because his treating physicians will provide the necessary testimony regarding his medical damages.

II. **DISCUSSION**

A. **Legal Standard**

"Summary judgment is appropriate when the record evidence, including depositions, sworn declarations, and other materials, shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1247 (11th Cir. 2013) (quoting Fed. R. Civ. P. 56) (quotation marks omitted). A material fact is any fact that "is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). A genuine dispute exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Ultimately, "[t]he basic issue before the court … is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Allen*, 121 F.3d at 646 (citation omitted).

The party moving for summary judgment bears the initial burden of showing that no genuine issue exists as to any material fact, "and in deciding whether the movant has met this burden the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party." *Id.*

After the movant satisfies this initial burden, the nonmovant bears the burden of showing specific facts indicating summary judgment is improper because a material issue of fact does exist. *Id.* In carrying this burden, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted).

In sum, if the record taken as a whole cannot lead "a rational trier of fact to find for the non-moving party, there is 'no genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

### B.  Analysis

Under Georgia law,[4] "'[i]t is well established that to recover for injuries caused by another's negligence, a plaintiff must show four elements:  a duty, a

---

[4] The parties agree that Georgia law applies in this diversity case.

breach of that duty, causation and damages." *Goldstein, Garber & Salama, LLC v. J.B.*, 797 S.E.2d 87, 89 (Ga. 2017) (quoting *Johnson v. American Nat. Red Cross*, 578 S.E.2d 106, 108 (Ga. Ct. App. 2003)).  As relevant here,

> "[w]here a man is employed to do certain work, and knows that the work which he is doing is dangerous to others, and that accidents are likely to happen, and knows that other persons are lawfully engaged in other work, and are under an obligation to perform such work, the person engaged in the dangerous work is subject to the duty of using reasonable care, and taking precautions to prevent accidents arising from the work in which he is engaged."

*Doke v. Dover Elevator Co.*, 263 S.E.2d 209, 211 (Ga. Ct. App. 1979) (quoting *Thrussell v. Handyside & Co.*, 20 Q.B. Div. 359, 363 (1888)) (finding that a construction worker "owed all construction workers on the job site the duty to exercise reasonable care in their protection"); *see also Card v. Dublin Constr. Co., Inc.*, 788 S.E.2d 845, 849 (Ga. Ct. App. 2016) (finding that a contractor's employees had the duty to exercise ordinary care not to subject others at the construction site to an unreasonable risk of harm).

To establish proximate cause, "'a plaintiff must show a legally attributable causal connection between the defendant's conduct and the alleged injury'" and must "'introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result.'" *Whiteside v. Decker, Hallman, Barber & Briggs, P.C.*, 712 S.E.2d 87,

90 (Ga. Ct. App. 2011) (quoting *Grinold v. Farist*, 643 S.E.2d 253, 254 (Ga. Ct. App. 2007)). "Proximate cause is properly reserved for the jury and can only be appropriately addressed on summary judgment in 'plain and indisputable cases.'" *Schernekau v. McNabb*, 470 S.E.2d 296, 298 (Ga. Ct. App. 1996) (quoting *Atlanta Ob. & Gyn. Group v. Coleman*, 398 S.E.2d 16, 18 (1990)); *see also Seymour Elec. & Air Conditioning Serv., Inc. v. Statom*, 710 S.E.2d 874, 877 (Ga. Ct. App. 2011) (stating that "'[q]uestions of negligence generally are for the jury, and may be resolved on summary judgment only where the evidence is plain, palpable and undisputable'" (citation omitted)). Still, a court may grant summary judgment where there is only a "'mere possibility'" of causation "'or the probabilities are at best evenly balanced.'" *Whiteside*, 712 S.E.2d at 90.

"[E]xpert evidence typically is not required to prove causation in a simple negligence case." *Cowart v. Widener*, 697 S.E.2d 779, 781 (Ga. 2010). A lay jury can conclude from common knowledge that a causal connection exists between an accident and an injury where there is a short lapse between the accident on one hand and the onset of the plaintiff's symptoms and receipt of medical treatment on the other hand. *See Hutcheson v. Daniels*, 481 S.E.2d 567, 569 (Ga. Ct. App. 1997) (affirming the denial of a motion for directed verdict where the jury's

7

finding of causation was based on the plaintiff's testimony that he began experiencing symptoms "a few days" after the accident).

"However, expert testimony is necessary where the issue of causation presents 'specialized medical questions,' *i.e.*, where 'the link between a defendant's actions and the plaintiff's injury is beyond common knowledge and experience' and presents medical questions that 'can be answered accurately only by witnesses with specialized expert knowledge.'" *Cooper v. Marten Transp., Ltd.*, 539 F. App'x 963, 967–68 (11th Cir. 2013) (quoting *Cowart*, 697 S.E.2d at 785-86). One such instance is the "'diagnosis and potential continuance of a disease or other medical condition.'" *Seymour*, 710 S.E.2d at 877 (citation omitted). For example, in *Seymour*, the Georgia Court of Appeals reversed the trial court's denial of summary judgment where the plaintiffs failed to provide expert testimony to support their claim that their alleged exposure to carbon monoxide caused their medical condition. *Id*. at 878.

Here, the undisputed facts show that Mora was injured after he was struck by an aluminum pole a White employee placed at the construction site. Further, it is clear that Georgia law imposes a general duty of care on employees working at a

construction site to avoid causing injury to others working at the site.[5]  Given the disputed fact issues regarding whether White employees breached their duty to Mora and whether the accident was foreseeable, summary judgment is not appropriate.  *See Seymour*, 710 S.E.2d at 877.

With respect to evidence of medical damages, a lay jury could conclude that a causal connection exists between Mora's accident and his injuries based on evidence that temporally ties the accident to Mora's onset of symptoms and his receipt of medical treatment.  *See Hutcheson*, 481 S.E.2d at 569.  But as White points out, the law requires Mora to prove that his medical ***expenses*** "arose from the injury sustained" and that they were "reasonable and necessary."  *Allen*, 689 S.E.2d at 329.  Thus, testimony from a medical expert would be necessary to validate Mora's medical damages.

However, the record shows that Mora did not make the required disclosures for such expert testimony.  Mora is correct that a treating physician who does not serve as a retained expert need not provide a written expert report.  Nonetheless, Mora must provide a disclosure that describes "the subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions

---

[5] White's contention that the applicable duty of care in this case is that imposed on landowners is contradicted by the authority set forth above.

9

to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C); *see also* N.D. Ga. Civ. R. 26.2(C) (requiring the disclosure of expert witnesses "sufficiently early in the discovery period to permit the opposing party the opportunity to depose the expert and, if desired, to name its own expert witness").

A party who fails to make the required disclosures "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also* N.D. Ga. Civ. R. 26.2(C) (stating that a party who fails to comply with expert witness disclosure requirements "shall not be permitted to offer the testimony of the party's expert, unless expressly authorized by Court order based upon a showing that the failure to comply was justified").

Because Mora has not provided any justification for failing to provide the required expert disclosures, and his lack of disclosure prevented White from conducting full discovery on his medical damages, Mora is prohibited from presenting such expert testimony on a motion, at a hearing or at trial. *See* Fed. R. Civ. P. 37(c)(1); N.D. Ga. Civ. R. 26.2(C); *Reese v. Herbert*, 527 F.3d 1253, 1266 (11th Cir. 2008) (stating that "'compliance with the requirements of Rule 26 is not merely aspirational'" and finding that "the district court clearly acted within its

discretion by excluding the [expert's] affidavit" where the failure to comply with disclosure requirements was unjustified and harmful to the defendants).

The Court finds that exclusion of the testimony is the appropriate sanction and declines to grant summary judgment to White on the issue of medical damages as White urges. The cases White cites in support of its position that summary judgment is the appropriate remedy are inapposite. For example, the issue in *Ellis v. Hartford Run Apartments LLC*, 779 S.E.2d 103, 108 (Ga. Ct. App. 2015), was the lack of expert testimony, not late expert disclosures.

Based on the foregoing analysis, White's Motion (ECF No. 41) is **DENIED**. Further, Mora is prohibited from presenting expert witness testimony on a motion, at a hearing or at trial for failure to provide the required disclosures under Rule 26(a)(2)(C).

Nevertheless, Mora's treating medical providers may be called as lay witnesses. The Eleventh Circuit Court of Appeals has explained that a physician's diagnosis of the injury is permissible lay testimony. *See United States v. Henderson*, 409 F.3d 1293, 1300 (11th Cir. 2005). But statements regarding the cause of the injury are prohibited to the extent that such testimony is "not grounded in the physician's own experience." *Williams v. Mast Biosurgery USA, Inc.*, 644 F.3d 1312, 1317 (11th Cir. 2011).

Since "the admissibility of lay opinion testimony is a highly fact-intensive determination," the Court currently lacks "the context of trial and specific testimony" to set parameters regarding the testimony of Mora's treating physicians. *Cook v. CSX Transp., Inc.*, No. 6:06-cv-1193-Orl-19KRS, 2008 WL 2275544, at *4 (M.D. Fla. June 2, 2008).  As such, the Court will refrain from any additional rulings on the issue at this time.  "Should such testimony stray into improper expert testimony or consist of legal conclusions, [White] may raise a proper objection at trial."  *Coward v. Forestar Realty, Inc.*, No. 4:15-cv-0245-SCJ, 2019 WL 12536138, at *7 (N.D. Ga. June 28, 2019).

The parties are **DIRECTED** to file the Consolidated Pretrial Order required by Local Rule 16.4 within twenty-one days of entry of this Order.  Failure to comply with this Order may result in sanctions, including dismissal of the case or entry of default judgment.

The Clerk is **DIRECTED** to submit the case at the expiration of the twenty-one-day period if a Consolidated Pretrial Order is not filed.

**SO ORDERED** this 21st day of March, 2022.

_____
J. P. BOULEE
United States District Judge

12